J-A17022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JACQUELINE CORNETTE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID H. GRACE, | |
| Appellant | No. 2193 EDA 2014 |

Appeal from the Order Entered May 9, 2014
In the Court of Common Pleas of Chester County
Domestic Relations at No(s): 2007-04282-DI

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 18, 2015**

David H. Grace (Husband) timely appeals *pro se* from the order entered on May 9, 2014, that found him in contempt of his and Jacqueline Cornette's (Wife) property settlement agreement (PSA) relating to college education savings.[1] We affirm.

This matter arose as a result of Wife's filing of a petition for contempt of the PSA. Following a hearing held on March 10, 2014, the court issued the May 9, 2014 order, which indicated that Husband was delinquent in making the college fund payments in the amount of $7,000. The court directed Husband to make the $7,000 payment within the ensuing six month

_____

[1] Specifically, paragraph 12 of the PSA requires Husband to make monthly payments into college education 529 fund accounts set up for the parties' two children.

period. It also required the resumption of the $50 monthly payment into each child's account. No interest was assessed on the delinquent payments.

Husband filed the instant appeal and raises the following issue in his brief: "Whether the lower court erred by ordering [Husband] to pay sums of money that he proved unequivocally to the court that he was unable to pay." Husband's brief at 2 (unnecessary capitalization omitted).

In its memorandum opinion filed pursuant to Pa.R.A.P. 1925(a), the court stated:

> Appellant, David H. Grace, *pro se*, filed a Notice of Appeal of this Court's May 9, 2014 Order on June 9, 2014. This Court entered an Order for Concise Statement of Errors Complained of on Appeal on July 11, 2014, in which Appellant, David H. Grace, was given twenty-one (21) days to respond with a Concise Statement of Errors Complained of on Appeal, in accordance with Pa.R.A.P. 1925(b)(1). Appellant failed to file his Concise Statement of Errors as of August 7, 2014, six days beyond the given deadline. This Court issued an Order for Concise Statement of Errors Complained of on Appeal - 2nd NOTICE on August 7, 2014, giving Appellant an additional twenty-one (21) days to respond. As of October 13, 2014, Appellant has not responded to this second notice to file a Concise Statement, nor has he requested an extension of time in which to file his Statement.

Trial Court Opinion, 10/20/14, at 1. Thus, based upon Husband's failure to file a Rule 1925(b) statement, the trial court concluded that Husband had waived all issues, citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). As a result, the trial court suggests that we dismiss Husband's appeal.

The record supports the trial court's rendition of its issuance of the orders requiring Husband to submit a Rule 1925(b) statement and Husband's failure to respond.

> Whenever a trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner. **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005); **see also Lineberger v. Wyeth**, 894 A.2d 141, 148 n.4 (Pa. Super. 2006) (noting that principles surrounding application of Rule 1925(b) enunciated in criminal cases apply equally to civil cases). Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal. **Castillo**, **supra** at 403, 888 A.2d at 780; **Lineberger**, **supra** at 148. Furthermore, any issue not raised in an appellant's Rule 1925(b) statement will be deemed waived for purposes of appellate review. **Lineberger**, **supra** at 148.

**Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007); **see also Greater Erie Indus. Dev. Corp., v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*).

Due to Husband's failure to submit a Rule 1925(b) statement, we are constrained to conclude that the issue he wished to raise has been waived. Thus, the trial court's May 9, 2014 order must be affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015