J-S67027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA BROWN | |
| Appellant | No. 3299 EDA 2015 |

Appeal from the Judgment of Sentence October 22, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009707-2012

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                **FILED OCTOBER 27, 2016**

Appellant, Joshua Brown, appeals from the judgment of sentence of eleven and one-half to twenty-three months' incarceration, three years of consecutive probation, and five years' probation concurrent to his incarceration, imposed after his conviction for possession with intent to deliver a controlled substance, possession of a controlled substance, and possessing an instrument of crime.[1]  We affirm.

We adopt the following statement of facts, derived from the trial court's opinion, which in turn is supported by the trial record.  **See** Trial Court Opinion (TCO), 1/21/16, at 2-3.

_____

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), and 18 Pa.C.S. § 907, respectively.

[*] Former Justice specially assigned to the Superior Court.

On May 23, 2012, Philadelphia Police Detective Patrick Smith was assigned to assist a Federal Bureau of Investigation ("FBI") task force. The task force had received information that Appellant may have been involved in a New York double homicide and that he may have been located at 2005 West Mayfield Street in Philadelphia. Accompanied by FBI agents and police officers, Detective Smith responded to that location and approached the front door. He detected a strong odor of fresh marijuana emanating from the residence.

Another officer knocked on the front door of the residence, at which time Appellant engaged in a brief conversation with officers through a partially open front window. Officers requested Appellant open the front door, but Appellant fled further into the residence and up the stairs. Officers could hear him breaking glass and throwing items around. Officers attempted to gain entry through the front door but were unable to open it. After that initial interaction, though the front window, Detective Smith observed a handgun lying on a couch, in plain view. Another officer moved the curtain to maintain the line of sight.

After five to ten minutes, Appellant allowed officers inside. Thereafter, Philadelphia Police Officer Joseph Hanson apprehended Appellant as he opened the door. Officers conducted a protective sweep, secured the

residence, and apprehended a woman on the second floor.[2]  Appellant told Officer Hanson his name was Jamie Ellis and gave 2005 West Mayfield Street as his home address.

With Appellant in custody, officers obtained a search warrant for the property and executed it later that same day.  Police seized a loaded black .45 caliber handgun from the couch; two bags of marijuana; fifty-four marijuana plants, twelve from the living room and the rest from the second floor; a scale; a PH tester; an electric bill in the name of Nakea Williams and bearing the 2005 West Mayfield Street address; and $230.96.

In addition to the facts discussed above, Appellant testified that he had gone to the residence May 23, 2012 around 3:00 or 4:00 a.m. to visit Williams, with whom he was having a relationship, and slept at the residence.  Appellant testified that he did not live at the residence and that he had not observed the gun or any drugs due to the early hour of his arrival.

Prior to trial, on December 14, 2013, Appellant filed an Omnibus Pre-Trial Motion seeking to suppress all evidence recovered from the residence, as they were the fruits of an illegal search and arrest.  On March 27, 2014, Appellant argued this motion before the suppression court.  Appellant

_____

[2] It is not clear from the record whether this woman was in fact Nakea Williams, whose residence this was, or whether she was detained or released in connection with this case.

averred that police illegally attempted to gain entry to the property and should not have moved a curtain blocking their view into the residence, and that the smell of marijuana from the home alone did not constitute exigent circumstances. At the conclusion of testimony and argument, the suppression court continued the hearing to review case law submitted by Appellant. *See* Notes of Testimony (N. T.), 3/27/14, at 32-36.

On May 15, 2014, the suppression court denied Appellant's Motion concluding that, based upon the circumstances, officers were permitted to conduct a protective sweep of the residence. *See* N. T., 5/15/14, at 6-7.

On August 18, 2015, the case proceeded to waiver trial, which concluded the same day. The trial court found Appellant guilty of the above charges. The court sentenced Appellant to the above-enumerated sentence on October 22, 2015.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant challenges the legality of the search as well as the sufficiency and weight of the evidence. *See* Appellant's Brief, at 4. For the following reasons, Appellant has waived consideration of his claims.

Appellant first claims that the court erred in denying his motion to suppress. We discern no error in the court's decision.

The Pennsylvania Supreme Court has held that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting

*Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Issues that are only generally raised are also waived. *See* Pa.R.A.P.1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). A Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no . . . Statement at all." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

In support of his motion, Appellant challenged, on several grounds, the police officers' protective sweep of the residence. However, Appellant seemingly abandoned this claim on appeal. In Appellant's Pa.R.A.P. 1925(b) Statement, Appellant asserted that "[the] stop and search of **Mr. Brown** was illegal." (emphasis added). In its responsive opinion, the trial court addressed solely the legality of a search of Appellant's person, concluding that Appellant's claim was moot because "no evidence presented indicat[ed] that police seized anything from his person when they detained him." TCO, at 6. Now, in his brief, Appellant reprises the argument raised at the suppression hearing by enumerating two allegedly illegal searches: first, officers "peering through a window" into the home and second, an officer moving the window's curtain. *See* Appellant's Brief, at 8.

In the instant case it is apparent that the statement was too vague to allow the trial court to properly address the merits of Appellant's argument, and Appellant has waived it for purposes of appeal.[3]

In his second issue, Appellant argues that the verdict was against the weight of the evidence; however, he has waived this argument for the purposes of appeal. Pennsylvania law is well settled that a weight claim must be "preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014)*,* (quoting **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012)); **see also** Pa.R.Crim.P. 607(A). The trial court opinion accurately reflects that Appellant did not file a pre- or post-sentence motion preserving a weight of the evidence claim,

---

[3] Even if Appellant had not waived this argument, there was no error in the denial of Appellant's motion. Here, police properly  viewed evidence from the curtilage. **See Commonwealth v. Eichler**, 133 A.3d 775, 783-784 (2016) (noting officers may enter curtilage in the course of legitimate investigations, if they confine the search to areas visitors may reasonably be expected to go); **see also Commonwealth v. Gibson**, 638 A.2d 203, 207 ("Police have the power to knock on the doors of the citizens of this Commonwealth for investigatory purposes"). Additionally, officers were permitted to move the curtain for the limited purpose of determining whether the previously viewed weapon remained on the couch and ensuring their safety in the process of investigating a double homicide; smelling the strong smell of fresh marijuana coming from the home; and hearing Appellant smashing things upstairs. **See Commonwealth v. Bostick**, 958 A.2d 543, 558 (Pa. Super. 2008) (holding that defendant's furtive movements in home where drug activity was suspected justified exigent circumstances in warrantless entry).

nor did he argue such a claim orally prior to sentencing. Thus, he has waived this argument on appeal.

In his sole remaining claim, Appellant argues that the evidence was insufficient to support his convictions. He has waived this argument. In Appellant's Pa.R.A.P. 1925(b) Statement, he stated that the evidence was insufficient to support his convictions because his testimony was credible, a weight claim in the guise of a sufficiency argument. *See Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999) (holding that challenges to the sufficiency of the evidence which actually go to the weight of the evidence fail); *see also Castillo*, 888 A.3d at 780 (noting arguments not raised in 1925(b) statement are waived for purposes of appeal). In his brief, he now attempts to present a proper sufficiency argument, namely that the Commonwealth failed to prove constructive possession of the marijuana plants.[4] Consequently, Appellant has waived his sufficiency argument for purposes of appeal.

_____

[4] Appellant has abandoned the argument found in his Pa.R.A.P. 1925(b) Statement that the evidence was insufficient to support his conviction for Possession of an Instrument of Crime. In his brief, he raises no argument regarding the gun, only argument regarding constructive possession of the marijuana. With regard to Appellant's claim that the evidence was insufficient to support his conviction for possession of marijuana, even if it was not waived, it is meritless. Constructive possession may be established even absent a marital relationship if the contraband is found in an area of joint control and equal access. *See Commonwealth v. Mudrick*, 507 A.2d 1212, 1214 (Pa. 1986) (noting that shared access and control is the critical factor in determining constructive possession); *see also Commonwealth v. Jackson*, 659 A.2d 549, 550 (Pa. Super. 1995) (noting siblings had equal
*(Footnote Continued Next Page)*

Accordingly, Appellant has failed to preserve any claims on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2016

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

access to contraband in kitchen cabinets and hallway closets). In the instant case, Appellant had equal access to and control of the fifty-four marijuana plants contained within the living room and second floor middle bedroom, where Appellant had been present at the residence for hours, was involved in a relationship with the homeowner, listed the residence as his home address on police paperwork, and attempted to destroy evidence of the operation by "rummaging" and "breaking glass."