J-S31007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JESSE WHITE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CITIZENS FOR JASON ORTITAY, JASON ORTITAY, REPUBLICAN PARTY OF PENNSYLVANIA, AND PA HOUSE OF REPUBLICAN CAMPAIGN COMMITTEE | |
| | No. 710 WDA 2016 |

Appeal from the Order April 18, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2015-4387

BEFORE:  PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.                **FILED JUNE 15, 2017**

Appellant, Jesse White, appeals from the order entered in the Washington County Court of Common Pleas, granting the preliminary objections of Appellees, Citizens for Jason Ortitay, Jason Ortitay, Republican Party of Pennsylvania, and PA House of Republican Campaign Committee, and dismissing Appellant's complaint with prejudice. We affirm.

On July 21, 2015, Appellant filed a complaint alleging that Appellees engaged in defamation and commercial disparagement over the course of the 2014 campaign for the Pennsylvania House of Representatives. In his complaint, Appellant, who was the democratic incumbent for the 46th legislative district prior to the election, alleged that Appellees published campaign materials that falsely claimed that Appellant favored a "40% tax

increase for the middle class." Amended Complaint, 9/4/15, at ¶¶ 14, 18. Appellant claimed that he lost the election to Appellee, Jason Ortitay, because of Appellees' dissemination of these materials, and sought damages from all Appellees.

Appellees filed preliminary objections to Appellant's complaint. Appellant amended his complaint, and Appellees again filed preliminary objections alleging that Appellant's amended complaint was legally insufficient. Following oral argument and the submission of briefs by the parties, the trial court issued an order sustaining Appellees' preliminary objections and dismissing Appellant's complaint with prejudice.

Appellant filed a timely appeal. On June 15, 2016, the trial court issued an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a Concise Statement of Matters Complained of on Appeal "no later than twenty-one (21) days after the entry of this [o]rder." Order, 6/15/16.[1] Appellant filed his statement of the matters complained of on appeal on July 18, 2016—33 days after the trial court's order.

On January 11, 2017, the trial court filed an opinion through which it asserted that Appellant's failure to timely file his Rule 1925(b) statement resulted in the waiver of all Appellant's issues. **See** Trial Court Opinion, 1/11/17, at 4. We agree.

---

[1] The docket entries indicate that the Prothonotary sent notice to Appellant on the same day the trial court entered the order. **See** Pa.R.C.P. 236.

Rule 1925(b) authorizes a trial court to order a defendant to file a "concise statement of matters complained of on appeal." Pa.R.A.P. 1925(b). Once ordered, a defendant must file his concise statement within 21 days from the date of the order's entry, unless they request, and receive additional time for the filing of the Rule 1925(b) statement from the trial court. **See** Pa.R.A.P. 1925(b)(2). "Whenever the trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." **Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007) (emphasis in original) (citing **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005)). The failure to comply with a Rule 1925(b) order will result in the waiver of all issues for the purposes of appellate review. **See Lineberger v. Wyeth**, 894 A.2d 141, 148-149 (Pa. Super. 2006).

Here, the trial court ordered Appellant to file a Rule 1925(b) concise statement within 21 days. Appellant did not file his concise statement until 33 days after the trial court's order—12 days after the 21-day deadline had passed. There is no evidence of record that Appellant ever requested, or received, an extension of time from the trial court to file his concise statement. Accordingly, Appellant's failure to comply with this order has resulted in a waiver of all of his issues on appeal review. **See id**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/15/2017