Patricia R. LINEBERGER, Appellant,

v.

WYETH F/K/A American Home Products Corporation, Wyeth–Ayerst Pharmaceuticals, Inc. and Wyeth–Ayerst Laboratories, Division of American Home Products Corporation, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 19, 2005.

Filed Feb. 23, 2006.

Harry Potter, Houston, TX, for appellant.

Michael T. Scott, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT,
STEVENS, and GANTMAN, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Patricia R. Lineberger, asks us to determine whether the trial court erred when it granted summary judgment in favor of Appellee, Wyeth f/k/a American Home Products Corporation, Wyeth–Ayerst Pharmaceuticals, Inc., and Wyeth–Ayerst Laboratories, Division of American Home Products Corporation ("Wyeth"), and dismissed all of Appellant's claims with prejudice. We hold Appellant waived her issues on appeal, because her court-ordered Rule 1925(b) concise statement of matters complained of on appeal was vague and overly broad. Appellant also waived the *Nanty–Glo* [1] issue, because she has raised it for the first time on appeal. In any event, Appellant's claims on appeal do not warrant the relief she requests. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Between late 1995 and early 1997, Appellant took fen-phen, a prescription drug diet therapy manufactured by Wyeth. Appellant received fen-phen prescriptions from her physician, Dr. John Lafferty. The fen-phen therapy consisted of prescriptions for fenfluramine (Pondimin®) combined with various types and dosages of phentermine. In 1996 and 1997, Wyeth issued "Dear Doctor" letters concerning fenfluramines and their potential to produce myocardial infarctions and cardiac arrest.

¶ 3 Dr. Floyd Burke performed an echocardiogram on Appellant on June 17, 2002, which revealed moderate mitral valve regurgitation and mild aortic insufficiency. Appellant commenced this action by complaint on November 13, 2002. Appellant filed an amended complaint on November 27, 2002, alleging that she had developed the aortic insufficiency and mitral valve regurgitation from her ingestion of fen-phen.

¶ 4 On February 25, 2005, Wyeth filed a motion for summary judgment, in which it argued that Appellant could not establish proximate causation between Appellant's injuries and Wyeth's failure to warn. Appellant could not "prove that a different warning from Wyeth regarding the association between the ingestion of [fen-phen] and valvular heart disease would have deterred [Dr. Lafferty] from prescribing the drugs to her." (Wyeth's Motion for Summary Judgment Based on Lack of Proximate Cause, 2/25/05, at 1; R.R. at 24a). Citing Dr. Lafferty's deposition transcripts, Wyeth argued that Dr. Lafferty did not relay all the risks identified in the Physician's Desk Reference or the Pondimin® label to his patients and if valvular heart disease had been on the warnings, he still would have prescribed fen-phen to Appellant. (*Id.* at 6; R.R. at 29a). Wyeth also argued that expert testimony cannot establish whether "[Dr. Lafferty] would have altered his behavior in the face of a different warning on the drug label." (*Id.* at 8; R.R. at 31a).

---

1. *Borough of Nanty-Glo v. American Surety Co. of New York,* 309 Pa. 236, 163 A. 523 (1932).

¶ 5 In her opposition to Wyeth's summary judgment motion, Appellant argued that factual disputes concerning causation precluded summary judgment. ([Appellant's] Response to Wyeth's Motion for Summary Judgment Based on Lack of Proximate Cause, 3/14/05, at 1–2; R.R. at 42a). Also citing Dr. Lafferty's deposition transcript, Appellant argued that if Wyeth had issued an adequate warning, Dr. Lafferty would have warned Appellant of the material risk of heart disease; and, Appellant would have refused fen-phen, thereby avoiding her injuries. (*Id.* at 11; R.R. at 52a). Appellant referenced *Incollingo v. Ewing* [444 Pa. 299, 282 A.2d 206 (1971) ],[2] to suggest there is a jury issue on whether Wyeth's salesperson or detail person nullified any warning Dr. Lafferty might have received regarding heart disease, by failing to emphasize the dangers related to taking fen-phen for an extended time. ([Appellant's] Response to Wyeth's Motion for Summary Judgment Based on Lack of Proximate Cause, 3/14/05, at 1–2; R.R. at 58a–59a). Appellant also argued that a jury should decide whether Dr. Lafferty would have heeded the warning of heart disease, provided Wyeth had published an adequate warning. (*Id.* at 18; R.R. at 59a).

¶ 6 In its response, Wyeth reasserted its position that Appellant could not causally connect her injuries to Wyeth's failure to warn. During his deposition, Dr. Lafferty testified that he would have likely prescribed the medication to Appellant, even if a warning of valvular heart disease had been included on the label or in the PDR. (Wyeth's Reply to [Appellant's] Opposition to Wyeth's Motion for Summary Judgment, 3/21/05, at 2; R.R. at 100a). Wyeth further noted:

[T]here is absolutely no testimony from Dr. Lafferty regarding any communication from the "detail men" concerning [fen-phen]. At best Dr. Lafferty recalls being visited, but he had no recollection of any discussion with the detailers [concerning fen-phen. Appellant] would be asking the jury to speculate not only to the content of any discussion with detailers that Dr. Lafferty may or may not have had, but also to speculate as to whether any such conversation could have "nullified" any warnings provided with [fen-phen].

(*Id.* at 3; R.R. at 101a). Additionally, Wyeth presented case law stating that the heeding presumption applied only to asbestos cases, not to pharmaceutical failure to warn cases.

¶ 7 The trial court granted Wyeth's motion for summary judgment by order filed on March 22, 2005. On April 18, 2005, Appellant filed her notice of appeal. Appellant submitted a court-ordered Rule 1925(b) concise statement of matters complained of on appeal on May 2, 2005. Appellant's Rule 1925(b) statement said:

The matters complained of by [A]ppellant on appeal are as follows:

 a. the Court committed an error of law by granting [Wyeth's] Motion for Summary Judgment based on lack of proximate cause and dismissing [Appellant's] case with prejudice.

(Concise Statement of Matters Complained of on Appeal, dated 5/02/05, at 2).

¶ 8 The trial court's Rule 1925(a) opinion affirmed its decision to grant summary judgment in Wyeth's favor. Under the learned intermediary doctrine, "the prescribing doctor must testify that had he

---

**2.** *Incollingo* has been abrogated on other grounds unrelated to the present case. *See Kaczkowski v. Bolubasz,* 491 Pa. 561, 421

A.2d 1027 (1980) (rejecting prior practice of discounting future lost earnings in personal injury awards).

received a different warning, he would have altered his prescribing habits." (Trial Court Opinion, dated May 23, 2005, at 9; R.R. at 122a). Dr. Lafferty "testified that had a warning for valvular heart disease been given, he still would have prescribed the drugs to selected patients," including Appellant. (*Id.* at 6; R.R. at 119a) (citations omitted). "Without evidence that Dr. Lafferty would not have prescribed the diet drugs, [Appellant] is unable to establish that Wyeth's alleged failure to warn was the proximate cause of her injuries." (*Id.* at 7; R.R. at 120a). Appellant's "detail person" argument failed primarily because "it is evident from Dr. Lafferty's testimony that Wyeth's 'detail men' had no effect on his decisions to prescribe the diet drugs." (*Id.* at 9; R.R. at 122a).

¶ 9 The trial court further noted that the heeding presumption applies exclusively to strict liability claims, such as asbestos claims, whereas "[n]egligence is the only recognized basis of liability for failure to warn for manufacturers of prescription drugs." (*Id.* at 8; R.R. at 121a) (citations omitted). The Pennsylvania courts have refused to apply the heeding presumption to pharmaceutical failure to warn cases. (*Id.*). "Our courts have emphasized this guiding principle by repeatedly ruling that in such cases the manufacturer's duty runs not to the patient but to the physician." (*Id.*).

¶ 10 On appeal, Appellant raises the following issues for our review:

WHETHER THIS HONORABLE COURT SHOULD REVERSE THE DECISION AND ORDER OF THE TRIAL COURT BECAUSE THE TRIAL COURT COMMITTED AN ERROR OF LAW IN GRANTING WYETH'S MOTION FOR SUMMARY JUDGMENT BASED ON AN ALLEGED LACK OF PROXIMATE CAUSE:

(a) WHETHER THIS HONORABLE COURT SHOULD FIND THAT THE *NANTY-GLO* RULE PROHIBITS SUMMARY JUDGMENT FOR [APPELLEE] BECAUSE THE MOTION RELIED EXCLUSIVELY ON ORAL TESTIMONY.

(b) WHETHER THIS HONORABLE COURT SHOULD FIND THAT [APPELLANT'S] SUMMARY JUDGMENT EVIDENCE RAISED MATERIAL ISSUES OF FACT PRECLUDING SUMMARY JUDGMENT FOR WYETH.

(c) WHETHER THIS HONORABLE COURT SHOULD FIND THAT THE TRIAL COURT APPLIED AN UNDULY RESTRICTIVE INTERPRETATION OF PROXIMATE CAUSE.

(Appellant's Brief at 3).[3]

¶ 11 "Our scope of review of an order granting summary judgment is plenary." *Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership,* 764 A.2d 1100, 1103 (Pa.Super.2000), *appeal denied,* 566 Pa. 664, 782 A.2d 546 (2001). "[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact." *Id.* "We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a

**3.** We have reorganized Appellant's issues to mirror their presentation in the body of Appellant's brief.

judgment as a matter of law will summary judgment be entered." *Caro v. Glah,* 867 A.2d 531, 533 (Pa.Super.2004) (citing *Pappas v. Asbel,* 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied,* 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002)).

¶ 12 Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of her cause of action. *Grandelli v. Methodist Hosp.,* 777 A.2d 1138, 1145 n. 7 (Pa.Super.2001). Summary judgment is proper "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa. R.C.P. 1035.2. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. *Grandelli, supra* at 1143 (citing Pa.R.C.P. 1035.2 Note). "Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions." *Grandelli, supra* at 1144. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion. *Caro, supra.*

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.,* 753 A.2d 829, 832 (Pa.Super.2000) (internal citations omitted).

> "Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden." *Paden v. Baker Concrete Constr., Inc.,* 540 Pa. 409, [412,] 658 A.2d 341, 343 (1995) (citation omitted).

> [I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if...charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Id.* (internal quotations and citations omitted).

*Bartlett v. Bradford Publishing, Inc.,* 885 A.2d 562, 566 (Pa.Super.2005).

¶ 13 Initially, Appellant claims the *Nanty–Glo* rule precludes summary judgment when the moving party relies exclusively on the oral testimony of a non-party. Wyeth based its summary judgment motion on testimony supplied by Dr. Lafferty, Appellant's witness. Had the trial court correctly applied *Nanty–Glo,* Wyeth's summary judgment motion should have failed, because the motion relied exclusively on Dr. Lafferty's oral testimony.

¶ 14 Citing *Incollingo, supra,* Appellant also contends summary judgment was barred, because the adequacy of a warning is a question of fact to be determined by the jury, not the court. Affidavits supplied

by Dr. Lafferty and Appellant demonstrate that any material risk communicated to Dr. Lafferty would have reached Appellant and Appellant would not have taken fen-phen because of the material risk. According to Appellant, these affidavits created a genuine issue of material fact, because they were of "sufficient weight to establish...some reasonable likelihood that an adequate warning would have prevented [Appellant] from receiving the drug." (Appellant's Brief at 10) (quoting *Demmler v. SmithKline Beecham Corp.*, 448 Pa.Super. 425, 671 A.2d 1151, 1155 (1996), *appeal denied*, 546 Pa. 655, 684 A.2d 557 (1996)).

¶ 15 Finally, Appellant argues that the trial court's proximate cause inquiry should have looked to whether, given an adequate warning, Dr. Lafferty would have altered his prescribing habits, and Appellant would have avoided the injury. Appellant insists any evidence that explains how an "adequate warning would have prevented the plaintiff from receiving the drug" is relevant to determining proximate cause and should have been considered. (Appellant's Brief at 11) (quoting *Demmler, supra* at 1155). If Wyeth had issued an adequate warning, Dr. Lafferty would have altered his prescribing methods; and, Appellant's injury would have been avoided. Dr. Lafferty testified that he would have passed information about the material risk of valvular heart disease to his fen-phen patients if he thought a patient faced a material risk. Appellant further certifies she would not have taken the drugs if she had known about the risk of valvular heart disease. On these grounds, Appellant concludes her case should have gone to a jury. We cannot agree.

¶ 16 As a prefatory matter, we observe: "Our Supreme Court has admonished that an appellate court does not sit to review questions that were neither raised, tried, nor considered by the trial court." *Harber, supra* at 1104 (internal citations omitted). Pennsylvania law makes clear:

[A]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal. *See* [*Grandelli, supra*] (citing [*Harber, supra*, at 1104]). With respect to arguments not raised initially before the trial court in opposition to summary judgment, this Court has explained:

Because, under [Pa.R.C.P.] 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. To the extent that our former case law allowed presentation of arguments in opposition to summary judgment for the first time on appeal it stands in derogation of Rules 1035.2 and 1035.3 and is not dispositive in this matter. The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider.

More recently, we have reaffirmed the proposition that a non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal. *See Payton v. Pennsylvania Sling Co.*, 710 A.2d 1221, 1226 (Pa.Super.1998) (concluding that party's choice to argue that evi-

dence was sufficient to establish element of cause of action in accordance with Rule 1035.3(a)(2) waived argument first raised on appeal that record should be supplemented under Rule 1035.3(b) to allow collection of additional evidence through discovery). Our application of the summary judgment rules in *Payton* establishes the critical importance to the non-moving party of the defense to summary judgment he or she chooses to advance. A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review.

*Devine v. Hutt,* 863 A.2d 1160, 1169 (Pa.Super.2004) (citing *Harber, supra* at 1105). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

¶ 17 Additionally, Rule 1925(b) authorizes a trial court to order an appellant to file a "concise statement of matters complained of on appeal." Pa.R.A.P. 1925(b). Failure to comply with a Rule 1925(b) order "may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of." *Id.* Regarding vague or overly broad statements, this Court has also stated:

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [*Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998) ] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, Appellant's Concise Statement was not specific enough for the trial court to identify and address the issue Appellant wished to raise on appeal. As such, the court did not address it. Because Appellant's vague Concise Statement has hampered appellate review, it is waived.

*Commonwealth v. Dowling,* 778 A.2d 683, 686–87 (Pa.Super.2001).[4] "An appellant's failure to include an issue in his [Rule] 1925(b) statement waives that issue for purposes of appellate review." *McKeeman, supra* (citing *Lord, supra* ).

¶ 18 In the instant case, Appellant's Rule 1925(b) statement announced a very general proposition; namely, that the trial court erred when it granted Wyeth's

---

4. "Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." *Kanter v. Epstein,* 866 A.2d 394, 400 n. 6 (Pa.Super.2004), *appeal denied,* 584 Pa. 678, 880 A.2d 1239 (2005). *See also McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655, 658 n. 2 (Pa.Super.2000).

summary judgment motion. Appellant's Rule 1925(b) statement did not reiterate the arguments Appellant raised in her opposition to Wyeth's motion for summary judgment. Appellant's statement was in fact so vague the trial court suggested Appellant had failed to preserve any issue for appellate review. In light of *Dowling, supra* and Rule 1925(b), we agree Appellant's issues are essentially waived on appeal.

¶ 19 With respect to Appellant's *Nanty–Glo* issue, Appellant argued issues before the trial court regarding proximate cause, nullification by Wyeth's detail persons, and the heeding presumption barred summary judgment in Wyeth's favor. Her motion in opposition to summary judgment and her Rule 1925(b) statement failed to mention the *Nanty–Glo* rule. Appellant introduced her *Nanty–Glo* argument for the first time on appeal. Accordingly, Appellant's *Nanty–Glo* issue is waived. *See Harber, supra.* *See also* Pa.R.A.P. 1925(b), *supra.*

¶ 20 Even if Appellant had not waived her *Nanty–Glo* argument, it still fails on its merits. The *Nanty–Glo* rule prohibits summary judgment "where the moving party relies exclusively on oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact **except** where the moving party supports the motion by using admissions of the opposing party or the opposing party's own witness." *First Philson Bank, N.A. v. Hartford Fire Ins. Co.,* 727 A.2d 584, 587 (Pa.Super.1999), *appeal denied,* 561 Pa. 658, 747 A.2d 901 (1999) (emphasis added). Here, neither party disputes that Dr. Lafferty was Appellant's witness. Wyeth supported its summary judgment motion with admissions by Appellant's own witness. Dr. Lafferty's affidavit and deposition testimony qualify for use in summary judgment proceedings under the *Nanty–Glo* exception. *See id.* Thus, Appellant's *Nanty–Glo* argument must fail.

¶ 21 Appellant's second and third claims, concerning the adequacy of Wyeth's warnings, were raised in her opposition to Wyeth's motion for summary judgment, but were not expressed in her Rule 1925(b) statement. Instead of specifying an argument relating to the adequacy of the warning, Appellant decided to pursue a broad, omnibus grievance in which she baldly asserted that the trial court had erred. The trial court was forced to guess which proximate cause-related errors, if any, it had committed. Appellant has not followed the procedure set forth in Rule 1925(b) to preserve her second or third issues for appellate review. Accordingly, they are also deemed waived. *See McKeeman, supra. See also Dowling, supra.*

¶ 22 Moreover, Appellant's second and third issues fail on their merits. This Court has stated:

> The foundation of the [learned intermediary] doctrine was propounded in *Incollingo [supra]*, where the Supreme Court dealt with the issue of the duty of drug manufacturers to warn of potentially dangerous side effects of their products and to whom the warning must be given. In reference to prescription drugs, the Court said, "[s]ince the drug was available only upon prescription of a duly licensed physician, the warning required is not to the general public or to the patient, but to the prescribing doctor." [*Incollingo, supra*] at 285, 282 A.2d at 220. This Court discussed the rationale of the rule from *Incollingo* in *Leibowitz v. Ortho Pharmaceutical Corp.,* 224 Pa.Super. 418, 307 A.2d 449 (1973):

It is for the prescribing physician to use his own independent medical judgment, taking into account the data supplied to him from the drug manufacturer, other medical literature, and any other source available to him, and weighing that knowledge against the personal medical history of his patient, whether to prescribe a given drug.

*Id.* at 457. Thus, the information supplied by the drug manufacturer is only one source a physician must consult and he is expected to make an independent medical judgment in determining whether a given drug is appropriate for a particular patient. Under the learned intermediary doctrine, as it is applied in Pennsylvania, a manufacturer will be held liable only where it fails to exercise reasonable care to inform the one for whose use the product is supplied of the facts which make the product likely to be dangerous. The intended "user" in a case involving a prescription drug or device is, of course, the prescribing physician.

*Rosci v. AcroMed, Inc.,* 447 Pa.Super. 403, 669 A.2d 959, 968–69 (1995) (some internal citations omitted).

¶ 23 In *Demmler,* a pharmaceutical failure to warn case, this Court affirmed summary judgment in favor of a pharmaceutical manufacturer, because the appellant "failed to establish any causal link between the alleged defect and" the appellant's injury. *Id.* at 1155.

In the duty to warn context, assuming that [an appellant has] established both duty and a failure to warn, [an appellant] must also establish proximate causation by showing that had [an appellee] issued a proper warning to the learned intermediary, [the learned intermediary] would have altered his behavior and the injury would have been avoided.

*Id.* (quoting *Mazur v. Merck & Co., Inc.,* 742 F.Supp. 239, 262 (E.D.Pa.1990)). This Court affirmed summary judgment because:

[T]he record was devoid of any evidence that a different warning would have altered [the appellant's] use of [appellee's pharmaceuticals] in accordance with [the learned intermediary's] instructions. Therefore, we hold that a reasonable jury could not find that the alleged failure to warn was the proximate cause of appellant's injuries."

*Demmler, supra* at 1156.

■ ¶ 24 Appellant's case is similar to *Demmler.* The certified record is devoid of evidence to support Appellant's argument that a different warning would have altered Dr. Lafferty's prescribing methods *vis-à-vis* Appellant. We note Dr. Lafferty's deposition testimony:

[COUNSEL]: And, Doctor if the words valvular heart disease had appeared alongside heart arrest, heart failure, myocardial infarction, it's a fair statement that you wouldn't have considered that a material risk given what was known at that time and you would have nevertheless prescribed it to these select patients?

[WITNESS]: I think I would have still prescribed it.

[COUNSEL]: And the same for Pondimin, Doctor: If those words had appeared in the "warnings" section would you have still prescribed it to that select group of patients that you—that you chose to?

[WITNESS]: Yes.

(Lafferty Deposition, 2/15/05, at 119–120; R.R. at 38a–39a). Dr. Lafferty's deposition statements are consistent with his affidavit, in which he states: "Even if the words 'valvular heart disease' had been added to the 'Warnings' section of the

label of the Physician's Desk Reference while [fen-phen was] still on the market, I probably would have prescribed both drugs depending on the level of risk." (Lafferty Affidavit, 3/09/05 at 2; R.R. at 63a.). Appellant presented no evidence that a different warning would have changed Dr. Lafferty's decision to prescribe fen-phen for Appellant. *See Demmler, supra.* Based on this testimony, a reasonable jury would have to agree that even if a different warning had been issued, Dr. Lafferty would still have prescribed the drug for Appellant. *See id.; Rosci, supra.* Thus, Appellant failed to produce evidence essential to her cause of action which would require the case to go to a jury. *See Grandelli, supra;* Pa. R.C.P. 1035.2.

¶ 25 Based upon the foregoing, we hold Appellant waived her issues on appeal, because her court-ordered Rule 1925(b) concise statement of matters complained of on appeal was too vague and overly broad to assist in appellate review. Appellant also waived her *Nanty–Glo* issue, because she did not raise it before the trial court and has raised it for the first time on appeal. In any event, Appellant's claims on appeal do not warrant the relief she requests. Accordingly, we affirm the court's order, granting summary judgment in Wyeth's favor and dismissing all of Appellant's claims with prejudice.

¶ 26 Order affirmed.

¶ 27 *Judge FORD ELLIOTT files a concurring and dissenting statement.

CONCURRING AND DISSENTING STATEMENT BY FORD ELLIOTT, J.:

¶ 1 Respectfully, on my review of the record I find that the proximate cause issues were properly preserved by counsel and subject to review by the trial court, and therefore I would not find waiver on appeal. Additionally, while I agree with the majority's discussion of the application of the learned intermediary doctrine in this case, because of its waiver determination, regrettably this discussion has no precedential value.