J. S45022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMAL ANTHONY YOUNGER | : | |
| Appellant | : | |
| | : | No. 1676 WDA 2015 |

Appeal from the Judgment of Sentence October 13, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001084-2015

BEFORE: OLSON, DUBOW AND PLATT, JJ.[*]

JUDGMENT ORDER BY DUBOW, J.:                    **FILED AUGUST 30, 2016**

Appellant, Jamal Younger, appeals from the Judgment of Sentence entered by the Fayette County Court of Common Pleas on May 21, 2015, following his convictions for Robbery, Simple Assault, Recklessly Endangering Another Person, Theft by Unlawful Taking, Receiving Stolen Property and Criminal Conspiracy.[1] Appellant challenges the sufficiency of the evidence for each of these offenses. After careful review, we conclude that Appellant waived this argument by filing an impermissibly vague Pa.R.A.P. 1925(b) Statement and, therefore, we affirm.

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701; 18 Pa.C.S. § 2701; 18 Pa.C.S. §2705; 18 Pa.C.S. § 3921; 18 Pa.C.S. § 3925 and 18 Pa.C.S. § 903, respectively.

A detailed factual and procedural history is unnecessary to our disposition. Appellant filed a timely Pa.R.A.P. 1925(b) Statement, raising the following, *verbatim*:

"[w]hether the Commonwealth has proven each and every element of the crimes of robbery, simple assault, recklessly endangering another person, theft by unlawful taking, receiving stolen propery [sic] and criminal conspiracy beyond a reasonable doubt[.]"

Pa.R.A.P. 1925(b) Statement; **see also** Appellant's Brief at 8.

The trial court filed a Rule 1925(a) Opinion, in which the trial court opined that Appellant's 1925(b) statement was too vague and unspecific to address Appellant's claim. Trial Court Opinion, filed 2/10/16, at 2 (stating the trial court "cannot reasonably imagine what element of each crime is alleged to be unclear or insufficiently proven.").

An appellant's Rule 1925(b) Statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). A Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all," and will result in waiver. **Lineberger v. Wyeth**, 894 A.2d 141, 148 (Pa. Super. 2006). When an appellant challenges the sufficiency of the evidence, this Court has made clear our requirement that "an appellant's Rule 1925(b) [S]tatement must state with specificity the element or elements upon which the appellant alleges that the evidence was

insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted).

By filing an overly broad Rule 1925(b) Statement, Appellant failed to alert the trial court to which elements of which offenses he intended to challenge. Because he failed to provide a proper Rule 1925(b) statement, Appellant waived his challenge to the sufficiency of the evidence. ***See Garland, supra; Lineberger***, ***supra***.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2016