J-S49013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF EDMOND A. CONONGE, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ANNA CONONGE, DAUGHTER AND HEIR | : : : : : : | |
| | : | No. 1884 WDA 2016 |

Appeal from the Decree November 14, 2016
In the Court of Common Pleas of Washington County
Orphans' Court at No(s):  No. 63-13-0614

BEFORE:     DUBOW, J., SOLANO, J., and FITZGERALD J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 12, 2017**

Appellant, Anna Cononge, appeals from the November 14, 2016 Decree confirming the accounting and directing the distribution of the estate of her father, Edmond A. Cononge ("Decedent").   Appellee, Susan M. Cononge ("Administratrix"), has filed a Motion to Strike Appellant's Brief.[1] After careful review, we affirm in part, vacate in part, remand, and deny Administratrix's Motion to Strike.

The relevant facts are as follows.  On May 3, 2013, Decedent died intestate.  At the time of his death, Decedent was married to Administratrix,

---

[*] Former Justice specially assigned to the Superior Court.

[1] Administratrix argues in her Motion that Appellant has waived her issues on appeal and should be sanctioned as a result of this alleged waiver.

who is not Appellant's mother. Appellant and Administratrix are Decedent's only heirs.

On November 24, 2014, Administratrix filed a First Account, which provided an accounting for the period from May 3, 2013, through October 31, 2014. The First Account noted that during that period Administratrix had paid attorneys' fees on an hourly basis totaling $10,640, but had not paid any administratrix commissions.

The First Account also listed as part of the estate inventory Decedent's 2011 Ford truck with an inventory value of $41,000 and the date-of-death balance on a truck loan as $36,476.00. At the time of his death, Decedent's equity in the truck was $4,524.00. On June 25, 2013, the estate paid the outstanding balance on the truck loan.

On December 23, 2014, Appellant filed objections to the First Account, in which she objected to the attorneys' fees of $10,640.00. She also objected to the administratrix commissions, although none had yet been paid. Appellant did not object to the listed inventory value of the truck, the date of death balance on the truck loan, or the pay-off of the truck loan by Administratrix.

On April 15, 2015, Administratrix filed the Second Account covering the period from November 1, 2014, through March 31, 2015. The Second Account reflected the payment of an additional $3,410.00 in attorneys' fees, calculated hourly (for a total of $14,050.00), and Administratrix commissions of $28,380.00. The Second Account also reflected the pay-off

of the truck loan by Administratrix. Appellant did not file objections to the Second Account.

On April 29, 2015, the orphans' court held a hearing on the objections filed by Appellant to the First Account. At the hearing, Appellant did not object to the inventory value of Decedent's Ford truck, the date of death balance on the truck loan, or Administratrix's pay-off of the truck loan. Following the hearing, on May 5, 2015, the court entered an order, *inter alia*, denying Appellant's objection to the attorneys' fees, and approving future attorney's fees to the extent allowable under the guidelines.

On September 29, 2015, Administratrix filed the Third Account. On November 18, 2015, Appellant filed objections to this Account, in which she objected to, *inter alia*, (1) the attorney for the Administratrix changing his fee calculation from an hourly rate to a percentage of the estate; and (2) the commission rate charged by the Administratrix.

Following a hearing, on October 11, 2016, the court entered an Order granting in part and dismissing in part Appellant's objections. In the Order, the court approved total attorney's fees of $34,577.00 and total administratrix commissions of $14,833.00, and directed Administratrix to file a decree and schedule of distribution within 10 days. **See** Trial Ct. Order, 10/11/16.

On November 14, 2016, pursuant to the court's October 11, 2016 Order, Administratrix filed a Petition *Sur* Audit Intestacy, a Supplemental Petition *Sur* Audit Intestacy, and a Schedule of Distribution. In the

Supplemental Petition, Administratrix requested that the court award her Decedent's Ford truck "in-kind." Administratrix represented that she would pay Appellant $2,262.00 for her one-half interest in the $4,524.00 equity held in the truck by Decedent at the time of his death.

That same day, the court signed and entered on the docket the Adjudication and Decree.

Appellant timely appealed on December 9, 2016. Appellant and the orphans' court have complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1.   Did the [o]rphans' [c]ourt err[] in ordering the payment of total attorney's fees in the amount of $34,577.00, but later confirming the accounting and decree of distribution resulting in payment of total attorney's fees in the amount of $51,877.00?

2.   Did the [o]rphans' [c]ourt err[] in ordering the payment of a total Administratrix commission of $14,833.00, but later confirming the accounting and decree of distribution resulting in payment of an Administratrix commission in the amount of $42,213.00?

3.   Did the [o]rphans' [c]ourt err[] in confirming the accounting and the decree of distribution proposed by the Administratrix that permitted her to take the truck in kind with a value of $4,524.00 and err[] in concluding that this issue was waived by [Appellant]?

Appellant's Brief at 4.

Our standard of review of an orphans' court decree is deferential.

When reviewing a decree entered by the [o]rphans' [c]ourt, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines

- 4 -

the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

*In re Estate of Harper*, 975 A.2d 1155, 1159 (Pa. Super. 2009) (citation omitted).

We do not give the same deference to conclusions of law made by the orphans' court, however. *Id.* Rather, "[w]here the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree." *Id.*

In her first two issues, Appellant claims that the trial court erred in entering an Adjudication and Decree of Distribution ordering the payment of attorneys' fees and administratrix's commissions in amounts higher than the court authorized where there was no evidence of a change in circumstances. Appellant's Brief at 15-16, 22-23. Appellant claims that the court approved the overpayment of $28,380.00 in Administratrix commissions and $17,310.00 in attorneys' fees. *Id.* at 23-24. We find these issues waived.

In Appellant's Rule 1925(b) Statement she presented these issues as follows:

[1.]  The Orphans Court erred as a matter of law when it improperly approved fees for the attorney for the Estate who was charging at an hourly rate and then changed his fee to a percentage basis after Appellant made objections to the accountings filed by Administratrix.

[2.]  The Orphans Court erred as a matter of law when it approved the increase in the Administratrix's commission and retroactively applied its percentage thereby increasing the Orphans Court's previously graduated percentage.

Appellant's Rule 1925(b) Statement, 1/4/17, at 1-2 (unpaginated). Thus, in her Rule 1925(b) Statement, she challenged only the methodology used to assess the fees and commission.

In her Brief, however, Appellant focuses her argument on the total amount of payments made to counsel and Administratrix rather than the methodology by which the court calculated these amounts. Appellant claims that the orphans' court's November 14, 2016 Decree and Schedule of Distribution erroneously approved distributions in excess of the amounts noted in its October 11, 2016 Order, permitting the total overpayment by the estate of $45,690.00. Appellant's Brief at 22-24. Specifically, Appellant claims that in its October 11, 2016 Order, the court approved "total" payments to counsel and Administratrix of $34,577.00 and $14,833.00, respectively. *Id.* at 19, 23. Appellant argues that the April 15, 2015 Second Account reflects that the estate paid fees and commissions of $17,310 and $28,380 during the period covered by the Second Account. She argues, therefore, that the court intended the "total" payment approved on October 11, 2016, to be the approved amount less the amounts already paid, not the approved amount in addition to the amounts previously paid. Essentially, Appellant argues that Administratrix's failure to reduce the "total" payment amounts approved by the court in its October 11, 2016 Order resulted in a significant overpayment by the estate. *Id.* at 23-24.

It is well-settled that an appellant's failure to raise an issue in her Rule 1925(b) Statement results in its waiver on appeal. *Lineberger v. Wyeth*,

894 A.2d 141, 148 (Pa. Super. 2006) (citation omitted). Furthermore, an appellant hampers the trial court's ability to prepare a legal analysis addressing the issues raised when she fails to indicate with sufficient specificity the issues she seeks this Court to review on appeal. *Id.*

Here, our review of Appellant's Rule 1925(b) Statement and appellate Brief indicates that Appellant failed to raise in her Rule 1925(b) Statement the same bases for her complaints of error as she later raised on appeal. Our review of the orphans' court's Rule 1925(a) Opinion supports this conclusion. In its Opinion, the court considered Appellant's contention that the court erred in approving the estate's attorneys' fees on a percentage basis rather than an hourly basis and the reasonableness of the administratrix commission it ordered. Appellant did not raise, and, thus, the orphans' court could not address, her current claim that the court ordered a significant overpayment of fees and commissions below. Accordingly, Appellant has waived the first two issues addressed in her appellate Brief. *See* Pa.R.A.P. 302(a). Furthermore, because Appellant did not address in her Brief the methodology used in the orphans' court's decision concerning attorneys' fees and the administratrix commission, that she raised in her Rule 1925(b) Statement, Appellant has abandoned this claim.

In her final issue, Appellant claims that the orphans' court erred in confirming the accounting and the decree of distribution proposed by Administratrix on November 14, 2016, that permitted her to take Decedent's

truck "in-kind" at a value of $4,524.00. She also avers that the court erred in concluding that Appellant waived this issue. Appellant's Brief at 24.

In its Rule 1925(a) Opinion, the orphans' court acknowledged that Appellant's issue may have merit, but concluded that Appellant had waived this issue by raising it for the first time in her Rule 1925(b) Statement. We disagree.

On October 11, 2016, the orphans' court entered an Order directing Administratrix to "submit a Decree and schedule of Distribution within ten days of the date of this Order which comports with these rulings. The signing by the [c]ourt of this Decree shall constitute a Final Appealable Order." Orphans' Court Order, 10/11/16. On November 14, 2016, pursuant to the court's October 11, 2016 Order, Administratrix submitted a Petition *Sur* Audit Intestacy, a Supplemental Petition *Sur* Audit Intestacy, and a Schedule of Distribution. In the Supplemental Petition *Sur* Audit Intestacy, Administratrix indicated **for the first time** that she intended to take Decedent's truck "in-kind," assigned the truck a value of $4,524.00, which was the amount of equity in the truck at the time of Decedent's death, and represented that she would pay Appellant $2,262.00 for her one-half interest.

That same day, the orphans' court entered an Adjudication and Decree confirming the account and directing the distribution of estate assets in accordance with the schedule of distribution submitted by Administratrix

"unless exceptions hereto, be filed [] or an appeal taken herefrom []." Orphans' Court Order, 11/14/16.

Because this was the first time Appellant learned that Administratrix intended to take decedent's truck "in-kind" at an assigned value of $4,524.00, an option the orphans' court acknowledged as proper in its November 14, 2016 Decree, she filed a timely Notice of Appeal from the court's Adjudication and Decree.[2]

Appellee avers in her Motion to Strike Appellant's Brief that Appellant knew as early as Administratrix's Third and Final Accounting, filed on November 18, 2015, that Administratrix intended to take the truck in-kind, and failed to place a timely objection on the record. Our review belies this claim. We are unable to find any reference in the record prior to November 14, 2016, to Administratrix's intent to distribute the truck as an "in-kind" distribution to herself.

Appellant was unaware of Administratrix's intent to take the truck as an in-kind distribution prior to entry of the court's November 14, 2016 final Order. Accordingly, the first opportunity she had to challenge this proposed

---

[2] The orphans' court indicated that Appellant could file exceptions or an appeal from its Adjudication and Decree. In fact, Orphans' Court Rule No. 8.1 prohibits the filing of exceptions or post-trial motions, thus, Appellant's only option to challenge the distribution was to file a motion for reconsideration in the orphans' court, pursuant to Rule 8.2, or an appeal to this Court. **See** O.C.R. Nos. 8.1 and 8.2.

distribution was by way of her December 9, 2016 Notice of Appeal. In her Rule 1925(b) Statement, Appellant notified the orphans' court of the basis for her objection, thus providing the court with the opportunity to explain its ruling. We, therefore, conclude that Appellant preserved this issue for appeal.

However, because the orphans' court did not address the merits of the issue raised by Appellant, and noted only that it "may have merit," we are constrained to remand this matter for the court to make findings of fact and conclusions of law regarding the proper value of the truck for purposes of distribution and how it is to be distributed as an asset of the estate.

November 14, 2016 Order affirmed in part, and vacated in part. Case remanded with instructions. Administratrix's Motion to Strike denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/12/2017