J-A10009-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37

LSF9 MASTER PARTICIPATION : IN THE SUPERIOR COURT OF
TRUST : PENNSYLVANIA

Vv.
NORMAN ROSETSKY AND DIANE
ROSETSKY A/K/A DIANA ROSETSKY
A/K/A DIANE GOCHIN

APPEAL OF: DIANE GOCHIN : No. 471 EDA 2017

Appeal from the Judgment Entered January 18, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-21495

BEFORE: GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM*, J.
MEMORANDUM BY GANTMAN, P.J.: FILED JUNE 21, 2018

Appellant, Diane Rosetsky a/k/a Diana Rosetsky a/k/a Diane Gochin,
appeals pro se from the judgment entered in the Montgomery County Court
of Common Pleas, in favor of Bayview Loan Servicing, LLC (“Bayview”),
predecessor in interest to Appellee, LSF9 Master Participation Trust (“Trust”),?
in this mortgage foreclosure action.2 We affirm.

In its opinion, the trial court sets forth the relevant facts and

procedurally history. Therefore, we have no need to restate them. We add

1 On September 19, 2017, Bayview filed in this Court an application to
substitute Trust as plaintiff-appellee per Pa.R.C.P. 2352(a), which this Court
granted on October 10, 2017.

2 Norman Rosetsky did not file a notice of appeal, and he is not a party to this
appeal.

* Retired Senior Judge assigned to the Superior Court.
J-A10009-18

Appellant filed an answer to the amended complaint on March 16, 2015.
Bayview filed a motion for summary judgment on May 6, 2015. On May 24,
2015, Appellant filed counterclaims, to which Bayview filed preliminary
objections on June 10, 2015. The court sustained Bayview’s preliminary
objections and dismissed Appellant’s counterclaims with prejudice on
September 17, 2015.

On January 3, 2017, the court entered summary judgment in favor of
Bayview. On January 16, 2017, Appellant filed a premature pro se notice of
appeal. Bayview subsequently filed a praecipe to enter judgment and assess
damages, which the court entered on January 18, 2017.2 The court did not
order Appellant to file a concise statement of errors complained of on appeal
per Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises two issues for our review:

DID THE TRIAL COURT FAIL TO ESTABLISH JURISDICTION
AND THE STANDING OF [APPELLEES]?

DID THE TRIAL COURT ERR AND/OR ABUSE ITS
DISCRETION IN THE GRANTING OF THE SUMMARY
JUDGMENT, DENIAL OF A JURY TRIAL AND OBSTRUCTING
THE SUBMISSION OF A COUNTERCLAIM?!4]

3 Appellant’s premature notice of appeal relates forward to January 18, 2017.
See Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after court’s
determination but before entry of appealable order shall be treated as filed
after such entry and on date of entry).

4 To the extent Appellant raises an issue concerning her counterclaims, we
interpret Appellant’s claim as a challenge to the court’s order sustaining
Bayview’s preliminary objections to Appellant’s counterclaims and dismissing
J-A10009-18

(Appellant’s Brief at 8).
Initially we observe:

Our scope of review of an order granting summary judgment
is plenary. We apply the same standard as the trial court,
reviewing all the evidence of record to determine whether
there exists a genuine issue of material fact. We view the
record in the light most favorable to the non-moving party,
and all doubts as to the existence of a genuine issue of
material fact must be resolved against the moving party.
Only where there is no genuine issue as to any material fact
and it is clear that the moving party is entitled to a judgment
as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly
implicate the plaintiff’s proof of the elements of [its] cause
of action. Summary judgment is proper if, after the
completion of discovery relevant to the motion, including
the production of expert reports, an adverse party who will
bear the burden of proof at trial has failed to produce
evidence of facts essential to the cause of action or defense
which in a jury trial would require the issues to be submitted
to ajury. Thus, a record that supports summary judgment
will either (1) show the material facts are undisputed or (2)
contain insufficient evidence of facts to make out a prima
facie cause of action or defense and, therefore, there is no
issue to be submitted to the jury. Upon appellate review,
we are not bound by the trial court’s conclusions of law, but
may reach our own conclusions. The appellate Court may
disturb the trial court’s order only upon an error of law or

the counterclaims with prejudice. The record indicates Appellant did not file
her counterclaims with her answer to the amended complaint. Rather,
Appellant filed her counterclaims separately more than two months after she
filed her answer and after Bayview had filed its motion for summary judgment.
Appellant’s counterclaims were procedurally improper when filed. Therefore,
the trial court properly dismissed her counterclaims. See Pa.R.C.P. 1031(a)
(stating: “The defendant may set forth in the answer under the heading
‘Counterclaim’ any cause of action cognizable in a civil action which the
defendant has against the plaintiff at the time of filing the answer”). Thus,
we give this particular matter no further attention.

-3-
J-A10009-18

an abuse of discretion.

Judicial discretion requires action in conformity with
law on facts and circumstances before the trial court
after hearing and consideration. Consequently, the
court abuses its discretion if, in resolving the issue for
decision, it misapplies the law or exercises its
discretion in a manner lacking reason. Similarly, the
trial court abuses its discretion if it does not follow
legal procedure.

Where the discretion exercised by the trial court is

challenged on appeal, the party bringing the challenge bears
a heavy burden.

It is not sufficient to persuade the appellate court that
it might have reached a_ different conclusion
if...charged with the duty imposed on the court below;
it is necessary to go further and show an abuse of the
discretionary power. An abuse of discretion is not
merely an error of judgment, but if in reaching a
conclusion the law is overridden or misapplied, or the
judgment exercised is manifestly unreasonable, or the
result of partiality, prejudice, bias or ill will, as shown
by the evidence or the record, discretion is abused.
Lineberger v. Wyeth, 894 A.2d 141, 145-46 (Pa.Super. 2006) (internal
citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the
applicable law, and the well-reasoned opinion of the Honorable Thomas C.
Branca, we conclude Appellant’s issues merit no relief. The trial court opinion
comprehensively discusses and properly disposes of the questions presented.
(See Trial Court Opinion, filed July 3, 2017, at 6-11) (finding: in her answer
to amended complaint, Appellant admitted she had sole legal possession of

mortgaged property and admitted her status as mortgagor in mortgage
J-A10009-18

agreement; as result of Appellant’s failure to respond to certain other
averments in amended complaint, Appellant was deemed to have admitted
she had been in default since November 1, 2010, amount due on principal
balance, and that she was sent requisite foreclosure notices; Appellant’s bald
claims that MERS lacked authority to transfer note and mortgage and that
Freddie Mac is owner of note have no merit; Appellant failed to cite supporting
authority for claim MERS lacked authority to assign mortgage; also, when
Appellant executed mortgage, she expressly granted MERS authority to
transfer mortgage; Appellant’s claim that proper service had not been
effectuated upon Norman Rosetsky also fails, because Appellant lacks
standing to assert such claim on Mr. Rosetsky’s behalf; in her response to
motion for summary judgment, Appellant failed to establish existence of issue
of material fact; rather, Appellant repeated meritless claims from her answer
to amended complaint and failed to attach or reference any evidence; even
though court granted Appellant leave to conduct additional discovery after
Bayview filed its summary judgment motion, Appellant failed to incorporate
any such discovery into record to demonstrate genuine issue of material fact).
The record supports the trial court’s rationale, and we see no reason to disturb
it. See Lineberger, supra. Accordingly, we affirm.

Judgment affirmed.
J-A10009-18

Judgment Entered.

Joseph D. Seletyn, Es
Prothonotary

Date: 6/21/18