J-A10005-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37

IN THE INTEREST OF: Q.F.-H., A : IN THE SUPERIOR COURT OF
MINOR : PENNSYLVANIA
APPEAL OF: P.F.-H., MOTHER : No. 3464 EDA 2017

Appeal from the Order Entered September 22, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0002047-2017,
FID: 51-FN-001874-2017

BEFORE: GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM*, J.
MEMORANDUM BY GANTMAN, P.J.: FILED JUNE 21, 2018

Appellant, P.F.-H. (“Mother”), appeals from the order entered in the
Philadelphia County Court of Common Pleas, which adjudicated Q.F.-H.
(“Child”) dependent. We affirm.

In its opinion, the Family court fully and correctly set forth the relevant
facts and procedural history of this case. Therefore, we have no reason to
restate them.

Mother raises the following issue for our review:

WHETHER THE [FAMILY] COURT ABUSED ITS DISCRETION
AND ERRED AS A MATTER OF LAW IN RELYING ON THE 23
PA.C.S.A. § 6381(D) PRESUMPTION TO FIND ABUSE AS TO

MOTHER WHERE THE RECORD SUPPORTED A FINDING
THAT THE PRESUMPTION HAD BEEN REBUTTED?!]

1 To the extent Mother argues on appeal that the court effectively prohibited
her from testifying during the dependency hearing, her argument is waived
because Mother failed to include it in her Rule 1925(a)(2)(i) statement. See
Lineberger v. Wyeth, 894 A.2d 141 (Pa.Super. 2006) (stating generally that

* Retired Senior Judge assigned to the Superior Court.
J-A10005-18

(Mother’s Brief at 6).
[T]he standard of review in dependency cases requires an
appellate court to accept the findings of fact and credibility
determinations of the [Family] court if they are supported
by the record, but does not require the appellate court to
accept the [Family] court’s inferences or conclusions of law.
Accordingly, we review for an abuse of discretion.
In re A.B., 63 A.3d 345, 349 (Pa.Super. 2013) (quoting In re R.J.T., 608 Pa.
9, 26,9 A.3d 1179, 1990 (2010)).

After a thorough review of the record, the briefs of the parties, the
applicable law, and the well-reasoned opinion of the Honorable Daine Grey,
Jr., we conclude Mother’s issue merits no relief. The Family court’s opinion
comprehensively discusses and properly disposes of the question presented.
(See Family Court Opinion, filed December 1, 2017, at 7-11) (finding: at
dependency hearing, Dr. Bennet testified that Child could not generate enough
force during his daily activities to cause his injuries, thus Child’s injuries were
inconsistent with accidental trauma; Dr. Bennet testified that three linear
bruises on Child’s stomach were consistent with child abuse because small
children should not bruise on their stomach; skeletal survey showed many of

Child’s injuries, which indicated severity and non-accidental nature of injuries;

several physicians at hospital ruled out any type of medical condition as cause

issues not raised in Rule 1925 statement will be deemed waived for appellate
review). Moreover, the record makes clear the court appointed Fifth
Amendment counsel out of an abundance of caution for Mother before she
made her decision not to testify.

-2-
J-A10005-18

of Child’s injuries; court found Dr. Bennet’s testimony credible; court found
Mother’s lack of plausible explanation for Child’s injuries suspicious; clear and
convincing evidence supported court’s finding of child abuse; Mother and
Father were Child’s only caregivers at time of Child’s injuries; hematoma on
Child’s left leg and linear bruises on Child’s stomach could not have been
sustained absent abuse by parents; prima facie evidence established
presumption that Mother perpetrated abuse; even if Mother did not physically
inflict injuries, she committed abuse by omission; Mother failed to rebut
presumption of abuse by presenting evidence to establish Child was not in her
care when injuries occurred or that she had no reason to believe Child would
be unsafe in Father’s care; court properly adjudicated Child dependent after
it found Mother perpetrated child abuse).2 Accordingly, we affirm on the basis
of the Family court’s opinion.
Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Es¢
Prothonotary

Date: 6/21/18

2 Mother included in her reproduced record three documents, which are not
contained in the certified record on appeal. This Court will only consider
documents which have been duly certified in the record on appeal. Pa.R.A.P.
1921.

-3-
J-A10005-18