J-A04008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR THE WACHOVIA LOAN TRUST, 2005-SD1 ASSET-BACKED CERTIFICATES, SERIES 2005-SD1 C/O WELLS FARGO BANK, N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| | No. 577 EDA 2021 |
| LAWANDA A. JENNINGS A/K/A LAWANDA A. JENNINGS | |
| v. | |
| FRANKLIN A. BENNETT III | |
| Appellant | |

Appeal from the Order Entered February 3, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2018-12190-RC,
No. 2016-03862-RC

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR THE WACHOVIA LOAN TRUST, 2005-SD1 ASSET-BACKED CERTIFICATES, SERIES 2005-SD1 C/O WELLS FARGO BANK, N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| | No. 578 EDA 2021 |
| LAWANDA A. JENNINGS A/K/A LAWANDA A. JENNINGS | |
| v. | |

J-A04008-22

FRANKLIN A. BENNETT III        :
       :
            Appellant        :

Appeal from the Order Entered February 3, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
2018-12190-RC,
No. 2016-03862-RC


BEFORE:   LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:            **FILED MAY 17, 2022**

Franklin A. Bennett, III,[1] appeals from the orders entered, in the Court of Common Pleas of Chester County, at Nos. 2016-03861-RC (Foreclosure Action) and 2018-12190-RC (Quiet Title Action), granting summary judgment in favor of Citibank.[2]  We affirm.[3]

The tortured procedural and factual history of this case revolves around a property located at 516 Brookview Road, Exton, Pennsylvania (the

---

[1] On January 23, 2019, the Pennsylvania Disciplinary Board suspended Bennett's license to practice law pursuant to Pa.R.D.E. 214(d)(2).  On August 4, 2020, the trial court in the instant case learned of Bennett's suspension and removed him as attorney for Lawanda A. Jennings, the defendant in the Foreclosure Action.  Since that time, Jennings has been acting *pro se*. Ultimately, the trial court permitted Bennett to appear as an intervenor, as he had purchased the property from Jennings during the proceedings.

[2] On June 3, 2021, our Court *sua sponte* consolidated Bennett's appeals at Nos. 577 EDA 2021 and 578 EDA 2021.  ***See*** Pa.R.A.P. 513.

[3] Jennings has not appealed the trial court's determinations, nor has she filed a brief with this Court.  It appears that after Bennett was removed as attorney of record, Jennings ceased filing anything in either case.

- 2 -

property).  In the Foreclosure Action, Citibank[4] is the plaintiff, Jennings the

defendant, and Bennett the intervenor.  In the Quiet Title Action, Bennett is

the plaintiff, and Citibank is the defendant.  The trial court provides a much

more detailed summary, which we do not repeat here.  **See** Trial Court

Opinion, 2/3/21, at 2-11.

Briefly, in April 1996, TMS made a loan to Jennings in the amount of

$88,000.  Jennings defaulted on the mortgage by failing to make the

payments when due on March 1, 2008.[5]  On April 22, 2016, Citibank

commenced the Foreclosure Action.  On June 14, 2016, Jennings deeded the

property to Bennett for a payment of $40,000 in cash and in-kind.[6]

---

[4] While the instant mortgage was originally held by The Money Store Mortgage, Inc. (TMS), it was ultimately assigned to Citibank.  **See** Trial Court Opinion, 2/3/21, at 3-4.

[5] We note that substantial delays were caused in these proceedings, in part, by the COVID-19 pandemic, a bankruptcy filing by Jennings, and two bankruptcy filings by Bennett (the "first Bennett bankruptcy" and the "second Bennett bankruptcy," respectively).  **See** Trial Court Opinion, 2/3/21, at 3-11.

[6] Bennett represented to the trial court that Jennings sold him the property for $10,000.  However, Bennett represented Jennings when she filed an answer that stated the property was worth $40,000.  Answer to Complaint, 2/16/18, at ¶¶ 37, 39.  Based on Jennings' pleading, the property was valued at $40,000 and was transferred to Bennett for a payment of $10,000, plus Bennett's in-kind contribution of $30,000.

On June 14, 2016, Bennett commenced the first Bennett bankruptcy.[7] During the pendency of the first Bennet bankruptcy, the trial court permitted the property to be sold via sheriff's sale. The property was ultimately sold at sheriff's sale for $25,000. However, on May 11, 2017, Citibank moved to set aside the sheriff's sale and to vacate the default judgment, citing the automatic stay[8] from the first Bennett bankruptcy, which the trial court granted.[9]

On February 16, 2018, Bennett entered his appearance on behalf of Jennings in the Foreclosure Action and filed an answer with new matter and counterclaim on Jennings' behalf. In the counterclaim, Jennings sought to quiet title. On April 10, 2018, Bennett, on Jennings' behalf, filed a motion for order on judgment, in which he sought to prevent Citibank from asserting any right, lien, title, or interest in the property inconsistent with Jennings' answer, new matter, and counterclaim. Initially, on April 11, 2018, default judgment was entered on Jennings' counterclaim to quiet title; however, Citibank

---

[7] It is not clear when Citibank learned of the first Bennett bankruptcy, but it appears that Citibank did not become aware of it until after the sheriff's sale on April 20, 2017.

[8] A bankruptcy filing results in an automatic stay of judicial proceedings against the debtor. *See* 11 U.S.C. § 362(a)(1).

[9] Subsequently, the U.S. Bankruptcy Court granted Citibank relief from the automatic stay. Relevantly, Bennett had identified the wrong Citibank entity as lienholder and, thus, Citibank was not identified as a creditor. As a result, the mortgage was not discharged.

subsequently petitioned to open and/or strike the default judgment. On November 14, 2018, the trial court entered an order striking the default judgment.

On November 16, 2018, the trial court entered an order denying Jennings any relief on the motion for order on judgment. On November 21, 2018, Bennett initiated the Quiet Title Action against Citibank, in which he raised claims for quiet title, breach of contract, and unjust enrichment. A default judgment was entered in the Quiet Title Action on January 19, 2019.

On January 18, 2019, Bennett filed the second Bennett bankruptcy. On the same date, Bennett filed suggestions of bankruptcy in the Foreclosure and Quiet Title Actions. On January 29, 2019, Citibank answered the complaint in the Quiet Title Action. On July 18, 2019, Citibank filed a petition to open or strike the default judgment in the Quiet Title Action. On or about July 31, 2019, the automatic stay in the second Bennett bankruptcy Action was lifted.

On January 17, 2020, the trial court struck the default judgment for failure to serve the complaint on Citibank in the Quiet Title Action. Bennett sought reconsideration on January 22, 2020, which was granted on February 3, 2020, by order directing the parties to conduct depositions addressing the underlying issues in the petition within 45 days and then brief the petition. Due, in part, to the COVID-19 pandemic, the trial court did not decide the motions until September 28, 2020. On September 28, 2020, following reconsideration of the matter, the trial court struck the default judgment.

On October 15, 2020, the trial court consolidated the cases, without opposition, for all purposes through trial. On October 29, 2020, Bennett filed an appeal to this Court from the order striking the default judgment in the Quiet Title Action. This Court, in a *per curiam* order, quashed Bennett's appeal for failure to appeal from a final order.

On November 12, 2020, Citibank filed a motion for summary judgment, which Bennett answered on December 14, 2020. Jennings, now *pro se*, did not answer the motion. The trial court subsequently granted Citibank's motions for summary judgment in the Foreclosure and Quiet Title Actions and dismissed Jennings' counterclaim for quiet title in the Quiet Title Action.

On March 2, 2021, Bennett filed two notices of appeal from the same order, and two identical court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Prior to addressing the claims raised in Bennett's appellate brief, we must determine whether Bennett has preserved any claims in his Rule 1925(b) concise statements, where he identifies twelve claims, none of which contains any specificity. **See Lineberger v. Wyeth**, 894 A.2d 141, 148 (Pa. Super. 2006) ("[A] [c]oncise [s]tatement [that] is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.").

Relevantly, Bennett's Rule 1925(b) statements broadly claim that the trial court's order was in error, without any specification. Indeed, the trial

court stated in its Rule 1925(a) opinion that it was entirely unclear what errors Bennett was raising on appeal. *See* Trial Court Opinion, 3/25/21, at 2-4. After review, we agree with the trial court and, accordingly, we find Bennett's claims waived. *See Lineberger*, *supra*.

Moreover, even if we persevered, Bennett's appellate brief is wholly deficient and, thus, constitutes another basis for waiver in this case. On August 23, 2021, Bennett filed an appellate brief and a contemporaneous request for an extension of time "to file an amended brief and reproduced record to be able to present a coherent brief." Application for Extension of Time to File Brief – Second Request, 8/23/21, at ¶ 5. This Court granted Bennett's request, struck his August 23, 2021 brief, and granted him an additional 60 days to file a new brief and reproduced record. *See* Order, 8/31/21, at 1. However, on November 1, 2021, Bennett filed an **identical** brief to his August 23, 2021, brief, which he had previously conceded was incoherent. Application for Extension of Time to File Brief – Second Request, 8/23/21, at ¶ 5.

Upon review, we conclude that,[10] in addition to the above-described failings, Bennett's appellate brief is woefully deficient and fails to comply with our procedural rules. Notably, Bennett fails to cite to either the reproduced record or the certified record and, thus, fails to direct this Court to any part of

---

[10] We observe that, in its attempt to respond to Bennett's brief, Citibank has objected to the defective nature of his brief. *See* Brief for Appellee, at 24-26.

the record that would support his claims. **See** Pa.R.A.P. 2132 ("[r]eferences in the briefs to parts of the record appearing in a reproduced record filed with the brief of the appellant . . . **shall** be to the pages in the reproduced record where those parts appear") (emphasis added); **see also** Pa.R.A.P. 2119(c) ("the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears"). Additionally, Bennett's brief is replete with bald reference to "exhibits" that are not cited to, and, in some cases, do not appear in the record. **See id.** Accordingly, Bennett's issues would be waived for this reason as well.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022