J-S07010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| B.L.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.J.F. | : | No. 2401 EDA 2019 |

Appeal from the Order Entered July 15, 2019
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): Docket No. 04-07331, PACSES #: 907117257

BEFORE: NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 28, 2020**

Appellant B.L.F. (Father) appeals *pro se* from the order entered on July 15, 2019, which granted the petition for reconsideration filed by D.J.F. (Mother), and modified an order resolving the parties' petitions to modify child support. For the reasons stated here, we conclude Father has waived all of his issues, and we dismiss this appeal.

We summarize the relevant procedural history of this appeal as follows. Father had primary physical custody of the parties' minor child from August 1, 2018, until April 25, 2019, in Colorado. After that date, Mother obtained sole physical and legal custody in Pennsylvania.

_____

[*] Retired Senior Judge assigned to the Superior Court.

While the child was in Father's physical custody, Father filed for child support from Mother. On October 23, 2018, the trial court entered an interim order directing Mother to pay child support to Father. Father disagreed with that order, and the trial court scheduled a hearing for June 26, 2019. Meanwhile, on April 29, 2019, Mother filed a petition to modify support as she obtained sole physical and legal custody. The trial court scheduled a hearing for June 26, 2019, to address Father's objection and Mother's petition to modify.

The Honorable Holly J. Ford convened the June 26, 2019 hearing, Mother was present and Father participated by telephone. N.T., 6/26/19, at 5-6. During the hearing, Father alleged that fraud had been committed. *Id.* at 7. The trial court stated that Father's previous allegations of fraud had been unsuccessfully litigated in the United States District Court for the Eastern District of Pennsylvania, this Court, and in the Court of Common Pleas, and that the trial court would not entertain further allegations of fraud. *Id.* Father later accused Judge Ford of perjury. *Id.* at 18-22. That same day, the trial court entered an order setting Father's monthly child support obligation at $388.50 per month and his child support arrearages at $14,609.43. Mother's child support arrearages were set at $0.00. The order also released any holds on IRS, unemployment, or Pennsylvania child support intercepts to Mother.

Mother filed a motion for reconsideration on June 28, 2019, claiming newly-discovered evidence that Father received a federal income tax refund

in Colorado, because the Philadelphia trial court's order regarding the release of child support intercepts to Mother only applied in Pennsylvania. Mother's Mot. for Recons., 6/28/19. The trial court entered an order on July 15, 2019, granting the motion without a hearing and amending the June 26, 2019 order to include releasing holds on child support intercepts in Colorado and any other state to Mother.

Father filed a notice of appeal and a Pa.R.A.P. 1925(b) statement on August 14, 2019.[1] **See** Pa.R.A.P. 1925(a)(2)(i) & (b). In his Rule 1925(b) statement, Father presented eighteen numbered paragraphs, in which he alleged, among other things, that Judge Ford, Administrative Judge Margaret T. Murphy, and unnamed court employees committed various criminal violations including fraud upon the court, perjury, and criminal conspiracy, and deprivation of his constitutional right to due process. **See** Father's Pa.R.A.P. 1925(b) Statement, 8/5/19, at 2-5. In its Rule 1925(a) opinion, the trial court concluded that Father's issues were too incoherent and lacking in sufficient detail to identify any issues that Father has raised on appeal. Trial Ct. Op., 10/17/19, at 10-11.

On appeal, Father argues that Judge Ford, Administrative Judge Murphy, Mother, and others conspired to engage in criminal conduct, abused the legal

---

[1] Father sent his notice of appeal to, among others, the Prothonotary of the Superior Court, which received the notice of appeal on August 14, 2019. Pursuant to Pa.R.A.P. 905(a)(4), we treat Father's notice of appeal as timely filed on August 14, 2019.

process, and deprived him of due process. Initially, we must consider whether Father waived his claims by failing to comply with Pa.R.A.P. 2119.

Appellate briefs must conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101; **see also** Pa.R.A.P. 2119 (setting forth the requirements for the argument section of an appellate brief). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted); **see also** Pa.R.A.P. 2119(a)-(c).[2]

We "liberally construe materials filed by a *pro se* litigant, [but] *pro se* status confers no special benefit." **Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Id.** at 1285 (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Hardy**, 918 A.2d at 771 (citation omitted). "If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived."

---

[2] "Since the Rules of Appellate Procedure apply to criminal cases and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." **Lineberger v. Wyeth**, 894 A.2d 141, 148 n.4 (Pa. Super. 2006) (citation and quotation marks omitted).

*Commonwealth v. Jezzi*, 208 A.3d 1105, 1110 (Pa. Super. 2019) (citation omitted).

Father's brief does not contain a section captioned "argument," but does contain a section captioned "fraud upon the court," which we treat as the argument section. In it, Father alleges fraud and judicial misconduct from 2004 to May 16, 2019. Father's Brief at 9-24. These factual allegations are followed by citations to case law discussing judicial immunity, recusal, and fraud upon the court. *Id.* at 25-28. However, Father's brief never discusses the June 26, 2019 support hearing or the July 15, 2019 order that are the subjects of this appeal. *Id.* Father's failure to develop any relevant arguments hinders our ability to conduct meaningful review. *See Jezzi*, 208 A.3d at 1110. Accordingly, Father has waived any issues he sought to raise on appeal, and we dismiss this appeal. *See id.*

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/20