J-S03017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KERMITH SONNIER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER DALEY AND MALDEN | : | |
| PROPERTIES, LTD | : | |
| | : | No. 734 WDA 2021 |
| Appellants | : | |

Appeal from the Order Entered May 28, 2021
In the Court of Common Pleas of Washington County
Civil Division at No(s): No. 2017-1899

BEFORE: LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: MARCH 18, 2022**

Peter Daley ("Daley") and Malden Properties, LTD ("Malden Properties") (collectively "Appellants"), appeal from the order granting the motion for summary judgment filed by Kermith Sonnier ("Sonnier") and denying the cross-motion for summary judgment filed by Appellants. We affirm.

The relevant factual and procedural history of the dispute between the parties to this appeal can be summarized as follows. Daley and Sonnier were among several investors in American Deli's, Inc. ("American Deli's"), a corporation that owned two unsuccessful Quiznos franchises in Pennsylvania. In 2005, Daley asked Sonnier to loan funds to Daley for the payment of taxes that American Deli's owed to the Internal Revenue Service. Sonnier agreed,

_____

[*] Retired Senior Judge assigned to the Superior Court.

and in July 2005, Sonnier wire-transferred $62,000 to Daley.[1] The loan was secured by a mortgage on real estate owned by Malden Properties and signed by Daley in his capacity as president of Malden Properties.[2] The mortgage identified Malden Properties as the mortgagor and Sonnier as the mortgagee.

In December 2005, American Deli's filed for bankruptcy. Sonnier, who had invested $220,000 in American Deli's, was listed as an unsecured creditor in the bankruptcy proceedings. In November 2006, the bankruptcy court issued a final decree discharging all debts to all creditors of American Deli's.

In April 2012, Daley sent a letter to Sonnier reaffirming the loan and promising to repay it with the proceeds of a pending personal injury action. However, no repayment was ever made to Sonnier by Daley or Malden Properties.

In June 2018, Sonnier filed a complaint against Appellants in which he, *inter alia*, asserted a claim for breach of contract and sought repayment of the loan. In their answer and new matter, Appellants admitted the particulars of the loan and that it had not been repaid. However, Appellants averred that the loan had been discharged in American Deli's bankruptcy proceedings. The

---

[1] The trial court indicates that the loan amount is $62,000. Sonnier and Appellants indicate that the loan amount is $62,020. As the order granting summary judgment in Sonnier's favor indicates that the loan amount is $62,000, we will use that amount throughout this Memorandum.

[2] Daley is the sole owner of Malden Properties.

parties filed cross-motions for summary judgment. On May 28, 2021, the trial court entered an order granting Sonnier's motion for summary judgment and denying Appellants' cross-motion for summary judgment. Appellants filed a timely notice of appeal, and both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issue for our review:

> Did the [trial] court err and abuse its discretion by denying Appellants' [*sic*] due process by when it did not follow the "***Nanty-Glo* rule**" . . . by not adhering to the rule of existence of a genuine issue of a material fact and summarily entering a judgment where the evidence depended upon Appellants' oral testimony?

Appellants' Brief at 9 (unnecessary capitalization omitted).[3]

Initially, we must determine whether Appellants preserved their sole issue for our review.[4] As our Supreme Court has explained, "arguments not

---

[3] The ***Nanty-Glo*** rule provides that "[o]ral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact." Pa.R.C.P. 1035.2 Note (*citing **Borough of Nanty-Glo v. American Surety Co. of New York***, 163 A. 523 (Pa. 1932), and ***Penn Center House, Inc. v. Hoffman***, 553 A.2d 900, 903 (Pa. 1989)).

[4] Appellants have raised additional arguments in their brief; namely, that Daley is not a proper party to the instant action, and that he should be afforded the protections of the corporate veil. However, Appellants concede that they did not raise these issues before the trial court. Accordingly, they failed to preserve them for our review. ***See*** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Further, even if these issues had been preserved, they were not raised in the statement of questions involved. ***See*** Pa.R.A.P. 2116(a)
*(Footnote Continued Next Page)*

- 3 -

raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal." *Krentz v. CONRAIL*, 910 A.2d 20, 37 (Pa. 2006) (citations omitted). Accordingly, when a litigant fails to raise a *Nanty-Glo* argument in opposition to a motion for summary judgment, the issue is waived. *See id*. at 37; *see also Lineberger v. Wyeth*, 894 A.2d 141, 149 (Pa. Super. 2006) (holding that a *Nanty-Glo* argument was waived where it was not raised in opposition to a motion for summary judgment or included in the concise statement).[5]

Here, Appellants did not raise any *Nanty-Glo* argument in their brief in opposition to Sonnier's motion for summary judgment. Accordingly, the issue is waived. *See Krentz*, 910 A.2d at 37; *Lineberger*, 894 A.2d at 149.[6]

Order affirmed.

_____

(providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

[5] The fact that the trial court addressed and rejected Appellants' *Nanty-Glo* argument in its Rule 1925(a) opinion does not operate to resuscitate the waived claim. *See Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014) (holding that the failure to properly preserve a claim will result in waiver, even if the trial court addresses the issue in its Rule Pa.R.A.P. 1925(a) opinion).

[6] Even if Appellants had not waived their *Nanty-Glo* issue, it patently lacks merit. The *Nanty-Glo* rule does not apply where the moving party supports the motion by using admissions of the opposing party. *See First Philson Bank, N.A. v. Hartford Fire Ins. Co.*, 727 A.2d 584, 587 (Pa. Super. 1999). Here, Sonnier's motion for summary judgment was supported by, *inter alia*, Appellants' admissions in their answer and new matter and Daley's deposition testimony. *See* Motion for Summary Judgment, 4/12/21, at ¶¶ 1-20, Exhibits C, D.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2022