J-S21015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
MICHAEL JERMAINE STATUM : No. 1428 MDA 2021

Appeal from the Order Entered October 27, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001735-2020

BEFORE: DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY DUBOW, J.: **FILED AUGUST 03, 2022**

The Commonwealth of Pennsylvania appeals from the October 27, 2021

Order granting the Motion to Suppress filed by Michael Jermaine Statum. After

careful review, we affirm.

The relevant facts and procedural history are as follows. On November

23, 2020, the Commonwealth charged Mr. Statum with one count each of

Receiving Stolen Property, Possession With Intent to Deliver, and Possession

---

[*] Retired Senior Judge assigned to the Superior Court.

or Use of Drug Paraphernalia[1] after Mr. Statum's parole officers conducted a parole health check at Mr. Statum's home.[2]

On April 20, 2021, Mr. Statum filed a motion to suppress the evidence recovered during the parole health check.

On September 24, 2021, the trial court held a hearing on Mr. Statum's motion and entered an order directing the Commonwealth to file a memorandum of law in opposition to Mr. Statum's motion within 14 days. The Commonwealth did not file a response to the motion.

On October 27, 2021, the trial court granted Mr. Statum's motion to suppress.

The Commonwealth timely appealed and complied with the trial court's order to file a P.R.A.P. 1925(b) Statement. In the Rule 1925(b) Statement, the Commonwealth broadly asserted that "this [h]onorable [c]ourt erred when it granted suppression[.]" Rule 1925(b) Statement, 11/24/21.

In an order issued in response to the Commonwealth's Rule 1925(b) statement, the trial court properly observed that "[t]he Commonwealth did not identify specific error that the trial court has made[.]" Order, 12/20/21. The court concluded, therefore, that it could not "discern the specific issues

---

[1] 18 Pa.C.S § 3925(a), and 35 P.S. §§ 780-113(a)(30) and (a)(32), respectively.

[2] The officers recovered a firearm and marijuana in a garage located a few feet behind Mr. Statum's residence and marijuana, mushrooms, and paraphernalia in a locked safe in the garage.

the Commonwealth intends to appeal." *Id.* The court nonetheless directed this Court's attention to its October 27, 2021 order and opinion granting Statum's motion to suppress.

The Commonwealth raises the following issue for our review:

[] Whether the suppression court erred when it suppressed all evidence found pursuant to a lack of reasonable suspicion?

Commonwealth's Brief at 3.

As an initial matter, we must determine whether the Commonwealth has preserved this claim for appellate review. Our Supreme Court has held that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). *See also* Pa.R.A.P. 1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issues to be raised for the judge."). A Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006); *Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (finding waiver where an appellant's concise statement was too vague to permit review).

Because the Commonwealth's Rule 1925(b) Statement was vague, the trial court could not discern what specific issue the Commonwealth intended

to raise on appeal and, thus, could not address it.  Accordingly, we conclude

the Commonwealth waived its issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2022