J-A25027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-NC2 C/O PHH MORTGAGE CORPORATION | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 661 EDA 2024 |
| ALTHEIA D. LLOYD AND DEAN T. LLOYD | : : : | |
| Appellants | : | |

Appeal from the Order Entered February 6, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2022-004969

BEFORE: OLSON, J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:  **FILED DECEMBER 17, 2024**

Appellants Altheia D. Lloyd and Dean T. Lloyd appeal *pro se* from the February 6, 2024 Order, entered by the Delaware County Court of Common Pleas, granting summary judgment in this mortgage foreclosure action. After careful review, we affirm.

A detailed factual and procedural history is unnecessary for our disposition. Briefly, on December 13, 2005, to finance the purchase of property at 622 Yeadon Avenue, Yeadon, Pennsylvania, Appellants obtained a loan from Appellee's predecessor-in-interest, New Century Mortgage Corporation, in the amount of $157,600.00. They executed a note, secured

by a mortgage on the property. On December 1, 2019, Appellants defaulted on their obligations by failing to make the required monthly payment. They did not make any subsequent payments. On February 4, 2020, Appellee sent Appellants a Notice of Intention to Foreclose.

Appellee filed its Complaint in Mortgage Foreclosure on July 11, 2022. On January 18, 2023, Appellants *pro se* filed an answer in which they admitted that, *inter alia*, they executed the mortgage and a subsequent loan modification agreement, and they did not respond to the pre-foreclosure notice they received. Answer, 1/18/23, at ¶¶ 3, 4, 7. They answered "false" to the allegation that the mortgage was in default and to Appellee's breakdown of the amount due. *Id.* at ¶¶ 8-9. Of most significance to our disposition, they did not raise any affirmative defenses.

Appellee filed a motion for summary judgment on October 11, 2023. Appellants did not file a response. However, on February 1, 2024, the court received *pro se* correspondence from Appellant Dean Lloyd stating, *inter alia*, "I do not dispute the facts." Correspondence, 2/1/24, at 1 (unpaginated). On February 6, 2024, the court granted Appellee's motion for summary judgment.

Appellants *pro se* filed a notice of appeal. The trial court ordered Appellants to file a Pa.R.A.P. 1925(b) Statement ("1925(b) Statement"). Appellants, however, failed to file a 1925(b) Statement. Rather, Appellants sent undated *pro se* correspondence that is four pages long and does not concisely state the reasons for appealing the trial court's order ("Letter from Appellants").

We also note that in the Letter from Appellants, they, for the first time, raised a defense of accord and satisfaction based on a "negotiable instrument" that Appellants had purportedly tendered to Appellee on January 1, 2022. **See** Trial Ct. Op., 5/30/24, Ex. A (Correspondence from Appellants).

The court issued a Pa.R.A.P. 1925(a) opinion in which it determined, first, that Appellants waived any challenge to its order on appeal because Appellants failed to file a 1925(b) Statement and that, even if it treated the Letter from Appellants as a 1925(b) Statement, the trial court properly granted the Motion for Summary Judgment.

It is well-settled that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a [1925(b) Statement]." **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). "Any issues not raised in a 1925(b) [S]tatement will be deemed waived." **Id.** A 1925(b) Statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge[.]" Pa.R.A.P. 1925(b)(4)(ii). The bright-line application of waiver for failure to conform with Rule 1925(b) applies equally to *pro se* appellants. **See, e.g.**, **Commonwealth v. Schofield**, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues).

Here, the Letter from Appellants failed to concisely state how the trial court erred, and instead merely raised a new theory of relief for the first time

on appeal. Accordingly, the Letter from Appellants failed to preserve any of Appellants' claims for our review.

Even assuming that the trial court properly considered Appellant's letter a 1925(b) Statement, Appellants waived their challenge to the court order granting the Motion for Summary Judgment. In this appeal, Appellants raise three claims, each of which relies on their accord and satisfaction defense asserted in correspondence to the trial judge after they filed their notice of appeal. **See** Appellants' Br. at 8 (unpaginated). No relief is due.

Appellants argue on appeal that the doctrine of accord and satisfaction preclude Appellees from obtaining any relief and thus, the trial court erred in granting the Motion for Summary Judgment. However, our review of the record confirms that Appellants failed to plead accord and satisfaction in their Answer or raise it in their response to the Motion for Summary Judgment. **See** Pa.R.C.P. 1032(a) ("[a] party waives all defenses and objections which are not presented either by preliminary objection, answer or reply. . . ."); **Lineberger v. Wyeth**, 894 A.2d 141, 147 (Pa. Super. 2006) ([A]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal.").

Accordingly, Appellants waived any right to challenge the trial court's order on the grounds that the trial court erred in not applying the doctrine of accord and satisfaction.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2024